# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**MAURICE PITTMAN,**

    **Petitioner,**

v.                                                                  Case No. **1:14-cv-28487**

**WARDEN, FCI RAY BROOK,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.   The petitioner's conviction and direct appeal proceedings.

On December 12, 2002, Petitioner was convicted by a jury in the United States District Court for the Southern District of Illinois of one count of distributing 6.3 grams

---

[1] The petitioner named the United States of America as the respondent in his petition. However, the proper respondent in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the Warden of the correctional facility where the petitioner is in custody. Presently, the petitioner is housed at FCI Ray Brook in Ray Brook, New York. The undersigned is unaware of the Warden's name. The Clerk is directed to modify both the full and short style of the case on the docket sheet to reflect this change in respondent.

of cocaine base, in violation of 21 U.S.C. § 841(a)(1).[2]  (*United States v. Pittman*, No. 3:01-cr-30148-2, ECF No. 104, Verdict).  The jury also made a specific finding that the amount of controlled substances attributable to the petitioner in the distribution charge was at least 5 grams, but less than 50 grams of cocaine base, which exposed the petitioner to a sentence of not less than five years and not more than 40 years of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B).  (*Id.*)

Prior to his conviction, the United States of America filed an Information pursuant to 21 U.S.C. § 851, which subjected the petitioner to an increased statutory sentencing range of 10 years to life due to his prior convictions.  (*Id.*, ECF No. 41).  Under the then-mandatory United States Sentencing Guidelines, the petitioner also received a guideline enhancement under USSG § 4B1.1 for being a career offender.[3]  Therefore, his sentencing guideline level was calculated to be a level 37, with a criminal history category of VI, resulting in a sentencing guideline range of 360 months to life.[4]  On March 21, 2003, the petitioner was sentenced to 390 months in prison, followed by an 8-year term of

---

[2] Petitioner was convicted during a second trial, after his first trial ended in a mistrial.
[3] USSG § 4B1.1(a) provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  According to the Seventh Circuit's opinion in the petitioner's direct appeal, the petitioner had two prior felony convictions for possession of a controlled substance.  *United States v. Pittman*, 418 U.S. 704, 709 (7th Cir. 2005).
[4] The undersigned does not have access to petitioner's 851 Information, his Presentence Investigation Report, or any transcript of his sentencing hearing in order to identify the petitioner's prior convictions or how they were specifically identified and addressed during his sentencing proceedings.  The procedural history addressed herein is taken from the published decisions of the United States Court of Appeals for the Seventh Circuit concerning the petitioner's appeal petitions filed therein, *see United States v. Pittman*, 388 F.3d 1104 (7th Cir. 2004), *vacated and remanded by Pittman v. United States*, 544 U.S. 995 (2005), and *United States v. Pittman*, 418 F.3d 704 (7th Cir. 2005), as well as the docket of the United States District Court for the Southern District of Illinois in the petitioner's criminal case, No. 3:01-cr-30108-2, and his first section 2255 proceeding, *Pittman v. United States*, No. 3:07-cv-00742.

supervised release, a $100 special assessment and a $2,000 fine. (*Id.*, ECF No. 120). A Judgment to that effect was entered on March 24, 2003. (*Id.*, ECF No. 123).

The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit, which affirmed his Judgment on November 12, 2004. *See United States v. Pittman,* 388 F.3d 1104 (7th Cir. 2004). However, the petitioner thereafter filed a Petition for a Writ of Certiorari in the United States Supreme Court, which was granted. *See Pittman v. United States*, 544 U.S. 995 (2005). The Supreme Court vacated and remanded the judgment of the Seventh Circuit for further consideration in light of the decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the United States Sentencing Guideline advisory. *Id.* The Seventh Circuit then remanded the matter to the district court to determine whether it would have imposed the same sentence under an advisory guideline scheme. *See United States v. Pittman*, 418 F.3d 704 (7th Cir. 2005).

On June 29, 2006, the district court issued a Memorandum & Order holding that, considering the factors set forth in 18 U.S.C. § 3553(a) and the evidence of record, it would impose the same sentence. (*United States v. Pittman*, No. 3:01-cr-30108, ECF No. 171). On July 24, 2006, the Seventh Circuit affirmed the final judgment of the district court. (*United States v. Pittman*, No. 03-1812 (Jul. 24, 2006) (unpublished)). A Mandate was issued on August 15, 2005. (*United States v. Pittman*, No. 3:01-cr-20108, ECF No. 174).

### B. Petitioner's prior post-conviction filings.

On October 22, 2007, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Southern District of Illinois, which he was subsequently permitted to amend. (*Pittman v. United*

3

*States*, No. 3:07-cv-00742). In those proceedings, the district court entertained two claims of ineffective assistance of counsel and a claim that the district court did not follow proper procedure in imposing petitioner's enhancement under 21 U.S.C. § 851. On March 31, 2011, the United States District Court for the Southern District of Illinois denied the amended section 2255 motion. (*Id.*, ECF No. 13). In the Memorandum & Order denying the motion, the court noted that the petitioner had admitted his prior convictions at sentencing, and that the Seventh Circuit affirmed the use of those prior convictions in the sentencing determination. (*Id.* at 9).

### C.   Petitioner's section 2241 petition.

The instant section 2241 petition, which was filed in this court on November 18, 2014, is not a model of clarity. Although the petition appears to be challenging the petitioner's career offender enhancement, it fails to state any details concerning the petitioner's conviction and sentence imposed in the United States District Court for the Southern District of Illinois, and fails to discuss the underlying prior convictions that were used to enhance his sentence. Rather, the petition merely states as follows:

> COMES NOW, Maurice Pittman . . . and would state that he is actually innocent of the CCA Enhancement[5] as he proceeds to challenge in pro se.
>
> Defendant further states his effort to move this Honorable Court to preserve his possible issue and relief under the new rule of law under Descamps.
>
> Defendant contends the Supreme Court has established a new rule that is retroactive in some Circuits regarding (CCA). Once this Circuit has

---

5  In light of the procedural history that the undersigned has been able to derive from the decisions in the petitioner's criminal appeal and section 2255 proceedings, it is apparent that the petitioner's reference to the "CCA enhancement" is referring to the application of a career offender enhancement under USSG § 4B1.1, and not the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2), as the petitioner was not sentenced under the ACCA.

4

established retroactivity his issue should be preserved and allow him to submit his argument.

There are several leading cases that establishes Defendant's CCA now falls outside (CMA)[6], therefore, Defendant's sentence is illegal under the Sixth Amendment of the U.S. Constitution.

Defendant also contends that the Supreme Court made it clear the actual statute that the prior conviction must be supplied to the District Court by the Government. *United States v. Pimental-Flores*, 339 F.3d 959 ([9th Cir.] 2003). In this particular case, the Government failed to meet these requirements. *United States v. Castillo-Martin*, 684 F.3d 914 (9th Cir. 2012) [also see *Descamps v. United States*, 133 S. Ct. 2276, 2281, 186 L. Ed.2d 438 (2013).]

(ECF No. 1).

Thus, the petitioner largely appears to be relying on the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L. Ed.2d 438 (2013) to assert that his sentence is unlawful; however, his petition does not specifically indicate how *Descamps*, or any of the other authority cited in his petition, affects the characterization of his prior convictions as predicate offenses for his career offender enhancement, or otherwise renders his conviction or sentence in violation of the Constitution or laws of the United States.

Because it is apparent from the face of the petition that the petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

---

6   The undersigned is uncertain as to what the petitioner is referencing by the abbreviation "CMA."

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Southern District of Illinois. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, the petitioner has already unsuccessfully filed a section 2255 motion in his court of conviction. Thus, he would likely be procedurally barred from filing another section 2255 motion without authorization from the United States Court of Appeals for the Seventh Circuit under very limited criteria. *See* 28 U.S.C. 2255(h).

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

> him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the <u>conviction</u>; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed <u>such that the conduct of which the petitioner was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (emphasis added).

In *Descamps*, the Supreme Court simply clarified that, in determining whether a previous conviction counts as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a sentencing court may look only to the elements of a defendant's prior conviction, not "to particular facts underlying those convictions." 133 S. Ct. 2276, 2283 (2013). *Descamps* further clarified that, when a statute is "divisible," that is, it contains alternative elements that constitute multiple offenses, the court may apply the "modified categorical approach" (permitting review of certain approved documents) to determine under which subpart of the statute the defendant was convicted.

Petitioner was not convicted and sentenced under the ACCA. Rather, Petitioner was convicted of a controlled substance offense and received a statutory sentencing enhancement under 21 U.S.C. § 851 and a guideline level enhancement under the career offender guideline, based upon prior convictions which are not identified in the section 2241 petition and are not readily apparent from the criminal case record that is available to the public on the federal courts' PACER system.

Although the petitioner appears to be asserting that, pursuant to *Descamps*, there has been an intervening change in substantive law that retroactively affects his case, *Descamps* is a purely procedural rule that has not been made retroactive on collateral review. *See, e.g., Vargas-Soto v. Rickard*, No. 1:15-cv-07012, 2017 WL 1788662 *1 (S.D. W. Va. May 4, 2017); *see also Kane v. United States*, 2016 WL 7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause Descamps is not 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' a *Descamps* claim will not support a successive motion to vacate."); *Payton v. United States*, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The basis of Payton's petition is the Supreme Court's 2013 decision in *Descamps*, which the Supreme Court has not made retroactive."); *Gibert v. United States*, 2015 WL 11111314, at *3 (D.S.C. Mar. 10, 2015), dismissed, 622 Fed.Appx. 268 (4th Cir. 2015) ("[The court finds that the Supreme Court did not create [in *Descamps*] a new rule that is retroactive to cases on collateral review); *Briscoe v. United States*, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), *appeal dismissed*, 624 F. App'x. 123 (4th Cir. 2015) (collecting cases)).

Moreover, *Descamps* does not change the substantive law such that the <u>conduct of which the petitioner was convicted is deemed not to be criminal</u>. Rather, Petitioner

appears to be asserting that *Descamps* calls into question whether his prior convictions were properly used to enhance his sentence, which does not implicate the savings clause. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime); *Barnhart v. Saad*, 3:15-cv-99, 2016 WL 347340 *4 (N.D. W. Va. Jan. 28, 2016) (§ 2241 petition asserting challenges to sentencing enhancement under *Descamps* and *Johnson* dismissed for failure to meet savings clause).

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. A claim that the petitioner's prior convictions were not properly used to enhance his sentence under the career offender guideline was available to him at the time of his direct appeal and his prior 2255 motion. In light of the fact that the petitioner has already unsuccessfully challenged his conviction and sentence in a prior 2255, and did not include any such claim, he is likely barred from pursuing such a claim now. While this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be an unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District

Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

      The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner at FCI Ray Brook.[7]

February 1, 2018

                                                    Dwane L. Tinsley
                                                  United States Magistrate Judge

---

[7] The Clerk is directed to modify the docket sheet to reflect this change in the petitioner's address, as the petitioner did not update his contact information upon his transfer from FCI McDowell.